UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175
BENEFITS FUND,

                         Plaintiffs,

                                                   **REPORT AND**
                                                   **RECOMMENDATION**
                -against-                         16-CV-5527 (ADS)(ARL)

CAPRI LANDSCAPING INC., SALVATORE
COLUCCIO and JOHN DOE COMPANY,

                        Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        Plaintiff commenced this action on October 4, 2016. Summons were returned on November 6, 2016. No answers have been filed. By Order dated February 14, 2017, Judge Spatt notified Plaintiff that the matter would be dismissed for failure to prosecute in the event Plaintiff did not respond within ten days. ECF 5. Plaintiff responded and notified the Court that the parties were engaged in settlement negotiations. ECF 8. Judge Spatt again warned Plaintiff that the matter would be dismissed for failure to prosecute on June 9, 2017 because there had been no activity on the matter. ECF 9. Plaintiff again responded, this time alerting the Court that settlement discussions had reached an impasse and requesting an Initial Conference. ECF 10. Judge Spatt ordered Defendants to answer or in the alternative for Plaintiff's to move for Default Judgment. ECF 11. Plaintiff moved for Default Judgment on July 27, 2017. ECF 18. By Order dated July 28, 2017, Judge Spatt referred the motion for default judgment to the undersigned. ECF 19. By Order dated February 26, 2018, the Undersigned denied the motion, because Defendants had not been served with the motion for Default Judgment. The motion was denied

with leave to renew along with proof of service of the motion, given the fact that counsel for the Defendants had been communication with Plaintiff's counsel. ECF 20. The report and recommendation was adopted by Judge Spatt on March 22, 2018. ECF 22. Since that time there has been no activity in this matter and there is no indication that the motion for Default Judgment has been served on Defendants.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

Here, Plaintiff was cautioned on numerous occasions that failure to respond to the Court's Order, would run the risk of dismissal of the matter. Nonetheless, Plaintiff has continued to fail to follow the Court's Orders. Under these circumstances, the matter cannot proceed. Moreover, Defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the Plaintiff has been nonresponsive. I therefore respectfully report and recommend that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
October 9, 2018

_____s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge